IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    CHAPTER 7

AUSTIN W. FRAZIER                              CASE NO. 08-04026-EE

_____

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA                                   PLAINTIFF

VS.

                                                ADVERSARY NO. 09-00086

AUSTIN W. FRAZIER                                  DEFENDANT

_____

## AGREED FINAL JUDGMENT

This cause has come before the Court on the joint *ore tenus* Motion of Plaintiff Travelers Casualty and Surety Company of America ("Travelers") and Defendant Austin W. Frazier ("Defendant") for the entry of an Agreed Final Judgment in accordance with the terms set forth below. Considering the submissions of the parties, the fact that this Agreed Final Judgment has been consented to by the parties, and that both parties are represented by counsel, the Court hereby FINDS AS FOLLOWS:

1.    This Court has subject matter jurisdiction over this matter;

2.    This Court has personal jurisdiction over the parties;

3.    Venue is proper in this Court;

4.    On or about June 18, 2004, arising from certain surety bonds to be provided for C.E. Frazier Construction Company, Inc. by Travelers, Defendant entered into and provided Travelers with a General Agreement of Indemnity;

5.      In or around 2007, C.E. Frazier Construction Company, Inc. defaulted on several of its construction projects for which Travelers had provided performance and/or payment bonds;

6.      As a result of C.E. Frazier Construction Company, Inc.'s default, Travelers undertook and has continued to undertake to fulfill its responsibilities under the bonds it issued for C.E. Frazier Construction Company, Inc. on the projects at issue;

7.      Travelers has suffered well over $5,000,000 in losses and expenses, which sums continue to grow;

8.      Defendant consents to entry of final non-dischargeable judgment against him in the amount of $5,000,000; and

9.      The Court finds that this Agreed Final Judgment is well taken and should be entered.

THEREFORE, IT IS ORDERED as follows:

a.  Final Judgment is hereby entered against Austin W. Frazier in favor of Travelers in the amount of $5,000,000;

b.  Travelers' Final Judgment of $5,000,000 against Austin W. Frazier is non-dischargeable under 11 U.S.C. § 523 and is fully enforceable against Austin W. Frazier (notwithstanding the entry of a discharge order in this or any future bankruptcy proceedings);

c.  Travelers' Counts Three and Four of its Complaint under 11 U.S.C. § 727 are hereby dismissed with prejudice;

d.  Austin W. Frazier shall pay future statutory interest pursuant to 28 U.S.C. § 1961 (a) on the amount above from and after the date of the entry of the Agreed Final Judgment;

e.  The entry of this Agreed Final Judgment and the finding of non-dischargeability is irrevocably binding regardless of any conversions in the bankruptcy chapters, and is expressly binding against any and all future bankruptcy filings by Austin W. Frazier;

2

f.   As set forth herein, Travelers agrees that it will garnish any amount allowed by state law, up to, but not exceeding 10% (as opposed to the federal limit of 25%) of Austin W. Frazier's disposable earnings from any employer that Austin W. Frazier may obtain.  In exchange for limiting the amount of disposable earnings that Travelers may garnish from 25% to 10%, Austin W. Frazier agrees that within 5 days of obtaining any employment (whether as an employee or independent contractor or otherwise) he will notify Travelers and its counsel in writing of the name and address of his employer and the terms of his employment (including amount of pay).  In the event that Austin W. Frazier does not provide this information within the time above or if any person or entity ever has a debt against Austin W. Frazier that becomes non-discharged in this or any other bankruptcy proceeding or if any pre-petition creditor or post-petition creditor obtains a judgment or in any way acquires the right to garnish Austin W. Frazier, then the 10% limit on the amount that Travelers may garnish from Austin W. Frazier's employer or employers shall immediately become null and void. The limitation above does not affect or limit any other right of Travelers to enroll or enforce this judgment.  The 11 U.S.C. § 362 automatic stay is hereby lifted to allow Travelers to enroll this judgment and to enforce it regarding any non-estate income or assets (e.g., Travelers may garnish Austin W. Frazier's current or future employer, if any).

g.   The Court shall retain jurisdiction over the enforcement of the terms and conditions of this Order.


SO ORDERED


_Edward Ellington_

Edward Ellington
United States Bankruptcy Judge
Dated: August 3, 2010

3

ACCEPTED:

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA

BY: _____
JOHN A. CRAWFORD, JR. (MB#10346)
PAUL M. ELLIS (MB # 102259)
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39158-6010
(T)(601) 948-5711
(F)(601) 985-4500
(E) jack.crawford@butlersnow.com
(E) paul.ellis@butlersnow.com
ITS ATTORNEYS

AUSTIN W. FRAZIER

BY: _____
Robert W. Gambrell
GAMBRELL & THORNBURG
106 King Street
Oxford, MS  38655-4236
662-281-8800
HIS ATTORNEY

AUSTIN W. FRAZIER

BY: _____
Austin W. Frazier, Individually

Jackson 4981124v2

_____
Ronald H McAlpin,
Assistant US Trustee

4

_____
Derek A. Henderson
TRUSTEE